# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br>v.<br><br>BROADWAY NATIONAL BANK D/B/A BROADWAY BANK,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1050-ADA<br><br>**JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br>v.<br><br>COMERICA BANK,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1052-ADA<br><br>**JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br>v.<br><br>FROST BANK,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1053-ADA<br><br>**JURY TRIAL DEMANDED** |

## MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

I.      **INTRODUCTION**

In their recently filed answers, defendants Broadway, Comerica, and Frost pleaded as affirmative defenses that Textile's suit is barred by waiver, acquiescence, and/or equitable estoppel.  These boilerplate defenses were pleaded in purely conclusory fashion, with no supporting allegations.

Textile proposed that the parties agree to the joint dismissal of these affirmative defenses without prejudice (with leave to re-plead with specificity if supported by a Rule 11 basis after a three-month period of discovery).  Defendants refused, apparently based on the strength of allegations that they not only failed to plead, but also that they expressly denied.

Given their refusal, Textile now moves the Court to strike these defenses.  The Court should strike them without prejudice, allowing defendants to re-plead them with specificity if supported by a Rule 11 basis within three months of the opening of fact discovery.  Textile agrees that discovery into those defenses would be allowed during those three months.

II.     **FACTS**

Broadway pleaded the following as its fourth affirmative defense:

> **Fourth Affirmative Defense**
>
> 4.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of license, ==waiver, equitable estoppel, and/or acquiescence.==

Case No. 6:21-cv-1050-ADA; Dkt. No. 67 at 4 [Answer] (emphasis added).

Similarly, Comerica pleaded the following as its third affirmative defense:

1

> **Third Affirmative Defense**
>
> 3. Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of license, ==waiver, equitable estoppel, and/or acquiescence.==

Case No. 6:21-cv-1052-ADA; Dkt. No. 64 at 21-22 [Answer] (emphasis added).

And Frost pleaded the following as its sixth affirmative defense:

> **Sixth Affirmative Defense (Equitable Defenses)**
>
> Plaintiff is barred from recovery in whole or in part by the doctrines of ==equitable estoppel==, unclean hands, or ==waiver.==

Case No. 6:21-cv-1053-ADA; Dkt. No. 54 at 14 [Answer] (emphasis added).

Other defendants in the related cases agreed to dismiss these and similar equitable defenses per the stipulation proposed by Textile. And Broadway, Comerica, and Frost agreed to Textile's proposal for certain defenses, such as unclean hands. But Broadway, Comerica, and Frost refused to agree to the stipulated dismissal for their defenses of waiver, acquiescence, and equitable estoppel. In support of that refusal, they argued that "Plaintiff Textile's Complaints admit that it sent letters to each of Broadway National Bank, Comerica Bank, and Frost Bank many years ago 'that described certain implementations of patent technology and specifically identified' certain of the Asserted Patents." Ex. 1 at 1, 6 [Email String].

Broadway, Comerica, and Frost did not allege any of that in their answers. In fact, Broadway, Comerica, and Frost each *expressly denied Textile's allegations* that they were sent notice letters. *Compare* Case No. 6:21-cv-1050; Dkt. No. 1 at ¶¶ 40-42, 67-69 [Textile's Complaint Against Broadway] (alleging letters identifying certain patents were sent to Broadway) *with* Dkt. No. 67 at ¶¶ 40-42, 67-69 [Broadway's Answer] (denying those allegations because, despite a "reasonable investigation," Broadway "is without sufficient knowledge or

2

information to form a belief" about the letters); *compare* Case No. 6:21-cv-1052 at ¶¶ 40, 41, 66, 67 [Textile's Complaint Against Comerica] (alleging letters identifying certain patents were sent to Comerica) *with* Dkt. No. 64 [Comerica's Answer] (denying those allegations because Comerica "is without sufficient knowledge or information to form a belief" about the letters); *compare* Case No. 6:21-cv-1053 at ¶¶ 40, 41, 66, 67 [Textile's Complaint Against Frost] (alleging letters identifying certain patents were sent to Frost) *with* Dkt. No. 54 at ¶¶ 41, 42, 68, 69 [Frost's Answer] (denying outright that it was sent these letters).

### III.  THE COURT SHOULD STRIKE BROADWAY, COMERICA, AND FROST'S DEFENSES OF WAIVER, ACQUIESENCE, AND EQUITABLE ESTOPPEL

The Court may "strike from a pleading any insufficient defense . . . ." Fed. R. Civ. P. 12(f).  Although motions to strike are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum v. Chem. Sales, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).[1]  To find that a defense is insufficient as a matter of law, the Court considers whether the defense is applicable to the case and whether the pleadings give fair notice of the defense. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  This standard prevents a plaintiff from being a victim of "unfair surprise." *Id*.

The Court should strike Broadway, Comerica, and Frost's defenses of waiver, acquiescence, and equitable estoppel because they fail to provide fair notice.  They assert that Textile's claims are barred, in whole or in part, by one or more equitable defenses, including waiver, acquiescence, and equitable estoppel.  But they are pleaded in purely conclusory terms, providing no notice to Textile of the basis for the defenses.  So, just as the Court struck similar

---

[1] The Court may also grant judgment on the pleadings for an insufficient defense. *See* Fed. R. Civ. P. 12(h)(2)(B) ("Failure . . . to state a legal defense to a claim may be raised . . . by a motion under Rule 12(c) . . . .").

3

"equitable" defenses in *Castlemorton Wireless, LLC v. Charter Communications, Inc.*, the Court should strike the defenses here. *See* Ex. 2 at 5-6, 13-14, 18-19 [Hearing Transcript, Dkt. No. 46, Case 6:20-cv-00035-ADA (W.D. Tex. Aug. 13, 2020)].[2]

During meet and confer, Broadway, Comerica, and Frost defended their pleadings because Textile alleged in its complaints that it sent them letters putting them on notice of two of the asserted patents. But, as discussed above in Section II, defendants did not plead any such factual allegation in their answers. Quite the contrary: they expressly denied it. Moreover, even if defendants had alleged that they received the notice letters sent by Textile, they still would not have sufficiently stated defenses of waiver, acquiescence, or equitable estoppel. *See, e.g., Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997) (requiring "an affirmative grant of consent or permission to make, use, or sell: *i.e.,* a license" to make out an acquiescence/waiver defense);[3] *A.C. Auckerman Co. v. R. L. Chaides Const. Co.*, 960 F.2d 1020, 1042-43 (Fed. Cir. 1992) *(en banc)* (holding that equitable estoppel requires (1) the patentee to misleadingly communicate to the infringer that he will not press a claim of infringement; (2) the

---

[2] Other courts take the same approach. *See, e.g.,* Ex. 3 at 5-6 [*Revolaze, LLC v. Target Corp.*, No. 1:17-cv-2419 (N.D. Ohio July 31, 2018)] ("[T]he court finds affirmative defense (8) particularly deficient because it merely lists the doctrines of equitable estoppel, laches, and waiver in a single sentence that is unaccompanied by *any* set of facts to make these defenses plausible."); Ex. 4 at 2-3 [*Twin Rivers Eng., Inc. v. Fieldpiece Instr., Inc.*, Case No. 2:15-cv-1838 (E.D. Tex. April 6, 2016)] (striking defense asserting that "[Plaintiff] is barred in whole or in part from asserting the '993 patent against Fieldpiece under the equitable doctrines of laches, waiver, estoppel, and/or acquiescence" because it did not provide fair notice); Ex. 5 at 1-2 & n.1 [*Crystal Photonics, Inc. v. Siemens Med. Solutions USA, Inc.*, No. 6:11-cv-1118 (M.D. Fla. Dec. 12, 2011)] (striking similar boilerplate defenses because "pleadings must serve as something more [than] a placeholder for potential claims and defenses" and "conclusory allegations such as these do not put anyone on notice").

[3] Moreover, the doctrines of acquiescence and waiver are just as legally untenable as a defense of laches. *See SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 959 (2017); *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 134 S.Ct. 1962 (2014).

4

infringer to substantially rely on that communication; and (3) the infringer to be materially prejudice as a result of its reliance).

## IV. CONCLUSION

For the foregoing reasons, the Court should strike the waiver, acquiescence, and equitable estoppel defenses pleaded by Broadway, Comerica, and Frost. The order should be without prejudice, with leave to re-plead with specificity within three months of the opening of fact discovery if supported by a Rule 11 basis. Moreover, defendants should be permitted to take discovery into these defenses during that three-month period.

Dated: September 6, 2022                         Respectfully submitted,

/s/ *Matthew J. Antonelli*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM
815 South Broadway Avenue
Tyler, Texas 75701

(903) 593-7000
(903) 705-7369 fax

*Attorneys for Textile Computer Systems, Inc.*

## CERTIFICATE OF CONFERENCE

      I hereby certify that the parties have conferred in a good faith attempt to resolve the matter by agreement.  No agreement could be reached because Broadway, Comerica, and Frost maintain that their defenses of waiver, acquiescence, and equitable estoppel are sufficiently pleaded.

                                                */s/ Matthew J. Antonelli*
                                                Matthew J. Antonelli